IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KENNETH S. GORDON, ET AL., | ) | Civ. No. 13-00542 HG-BMK |
| | ) | |
| Plaintiffs, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO |
| vs. | ) | DISMISS THIS ACTION WITH |
| | ) | PREJUDICE |
| UNITED STATES FEDERAL | ) | |
| DISTRICT COURTS, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION
TO DISMISS THIS ACTION WITH PREJUDICE

On October 18, 2013, Plaintiffs Kenneth S. Gordon and Loralee K.I. Gordon, proceeding pro se, filed this action against Defendant United States Federal District Courts, State of Hawaii, naming "All Judges & All the Parties of the U.S. Federal District Courts, District of Hawaii Senior Judge David Ezra / Chief, U.S. Federal District Courts Judge Susan Oki Mollway, Judge J. Michael Seabright, Magistrate Judge Richard L. Puglisi, Florence T. Nakakuni, Asst. U.S. Atty District of Hawaii Susan Cushman, Special Agent, DEA Matthew D. Rumschlag, U.S. District Court District of Hawaii Clerk Sue Beitia, etc., U.S. Department of the Treasury, Internal Revenue Service Washington D.C."

Plaintiffs' Complaint is unintelligible, and the Court recommends that it be dismissed with prejudice.

Rule 8 requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2) & (d)(1). A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed sua sponte for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir.1969)); see also Kaihana v. District Court of First Circuit, Waianae, Civ. No. 12-00041 HG-BMK, 2012 WL 928705, at *1 (D. Haw. March 16, 2012). Here, the Complaint is unclear and unintelligible and fails to state "simple, concise, and direct" allegations against any Defendant.

Plaintiffs are proceeding pro se; consequently, the Court liberally construes their pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). Even liberally construed, however, the purported allegations in the Complaint are "completely incoherent and utterly fail to state any kind of claim against any Defendant that is remotely plausible on its face." See Kaihana, 2012 WL 928705, at *1.

The Court finds that the Complaint is unintelligible and in violation of Rule 8 and therefore recommends that this action be dismissed with prejudice. The Court recommends that amendment not be permitted, as the Complaint fails to assert any claim that can be cured by amendment and granting leave to amend would be futile. See W. Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991) (grounds for denying amendment include futility); see also Kaihana, 2012 WL 928705, at *1-2 (dismissing pro se complaint without leave to amend).

Accordingly, the Court finds and recommends that this action be DISMISSED WITH PREJUDICE.

DATED: Honolulu, Hawaii, January 23, 2014.

IT IS SO ORDERED.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Gordon v. United States Federal District Courts, et al., Civ. No. 13-00542 HG-BMK;
FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITH PREJUDICE.